# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES NELSON,

    Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

3:18-cv-00029-RCJ-VPC

**ORDER**

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Charles Nelson, a Nevada prisoner. On January 19, 2018, Nelson filed an application to proceed *in forma pauperis* (ECF No. 1), along with his habeas corpus petition (attached to application to proceed *in forma pauperis*, at ECF No. 1-1) and a motion for appointment of counsel and motion for evidentiary hearing (attached to application to proceed *in forma pauperis*, at ECF No. 1-2).

    The financial certificate filed in support of Nelson's application to proceed *in forma pauperis* indicates that Nelson is able to pay the $5 filing fee for this action. The Court will, therefore, deny the application to proceed *in forma pauperis*. However, the Court will not require Nelson to pay the filing fee until after counsel appears for him.

    The information provided in the application to proceed *in forma pauperis* and the supporting financial certificate is sufficient to show that Nelson cannot afford counsel. "Indigent state prisoners

applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. In light of the severity of the crimes involved in this case, Nelson's sentence, and the number and nature of the issues raised regarding Nelson's conviction and sentence, the Court finds that appointment of counsel is in the interests of justice.

The Court has reviewed Nelson's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determines that it merits service upon respondents and a response by respondents. The Court will order the petition in this case served upon respondents, will direct respondents to appear, but will not require any further action on the part of respondents at this time.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is **GRANTED**. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (ECF No. 1-2) is denied, without prejudice, as it is premature.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon the FPD a copy of this order, together with a copy of the petitioner's petition for writ of habeas corpus (ECF No. 1-1).

IT IS FURTHER ORDERED that the FPD shall have **30 days** from the date of entry of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

IT IS FURTHER ORDERED that the time for petitioner to pay the filing fee for this action, or file a new application to proceed *in forma pauperis* is extended. The Court will set a new deadline for payment of the filing fee after counsel appear for the petitioner and the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically serve upon respondents a copy of the petition for writ of habeas corpus (ECF No. 1-1), and a copy of this order.

IT IS FURTHER ORDERED that respondents shall have **30 days** from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

IT IS FURTHER ORDERED that the Court will establish a schedule for further proceedings after counsel appear for the petitioner and the respondents.

Dated this 6 day of February, 2018.

UNITED STATES DISTRICT JUDGE