UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES NELSON,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:18-cv-00029-RCJ-CBC

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL**

In this habeas corpus action, on March 12, 2019, the Court appointed new counsel to represent the petitioner, Charles Nelson (ECF No. 22). In the March 12 order, the Court also set a new schedule for further proceedings in the action. One of the scheduling provisions in that order set a deadline – July 10, 2019 – for Nelson to file a second amended habeas petition, or a notice stating that further amendment of his petition is not necessary. *See* Order entered March 12, 2019 (ECF No. 22), p. 2. The March 12 order went on to set a schedule for Respondents to then respond to the operative petition, and a schedule for further proceedings beyond that. *See id.*

On April 12, 2019, Respondents filed a motion to dismiss (ECF No. 24) and exhibits (ECF Nos. 25, 26, 27, 28).

As the Court has granted leave for Nelson to file a second amended petition, the motion to dismiss his first amended petition is premature. Therefore, the Court will deny Respondents' April 12 motion to dismiss, without prejudice to Respondents filing a motion to dismiss, on the same or different grounds, consistent with the schedule set forth in the March 12 order.

On April 12, 2019, Respondents also filed a motion for leave of court to file an exhibit under seal (ECF No. 29). In that motion, Respondents request leave of court to file under seal a copy of Nelson's presentence investigation report (Exhibit 131. There is

1

a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the Court has inherent power over its own records and files, and access may be denied where the Court determines that the documents may be used for "improper purposes." *See Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). Under Nevada law, a presentence investigation report is confidential, and is not to be made part of a public record. *See* NRS 176.156(5). The presentence investigation report contains sensitive confidential information concerning Nelson and others, and Respondents inform the court that disclosure of the presentence investigation report could cause prison security threats. In light of the state law, and in light of Respondents' concerns regarding the confidentiality of this material, the Court finds that there is good cause for the exhibit in question to be filed under seal.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 24) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 29) is **GRANTED**. Respondents are granted leave of court to file Exhibit 131 under seal. As that exhibit has already been filed under seal (ECF No. 30), no further action is necessary in this regard.

DATED THIS 16th day of April, 2019.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE